UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

**JOHN H. STEVENS**
5504 Torpedo Court
Waldorf, Maryland 20603

    *Plaintiff*,

v.

**CHARLES COUNTY, MARYLAND**
200 Baltimore St.
La Plata, Maryland 20646

    **SERVE ON:**
    Wes Adams, Esq.
    County Attorney
    200 Baltimore St.
    La Plata, Maryland 20646

and

**MARK BELTON**
County Administrator
200 Baltimore St.
La Plata, Maryland 20646

    *Defendants.*

Civil Action No. _____

## COMPLAINT & JURY DEMAND

    Plaintiff John Stevens ("Mr. Stevens" or "Plaintiff"), by and through his attorneys, James M. Ray, II and Ray Legal Group, LLC, hereby brings this action against Defendants Charles County, Maryland and Mark Belton and alleges:

NATURE OF THE ACTION

    1.    The Plaintiff brings this civil action against Defendant Charles County, Maryland seeking damages and/or other legal relief for Charles County, Maryland's violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and against Defendant,

Mark Belton seeking damages and/or other legal relief for Defendant Mark Belton's violations of 42 U.S.C. § 1981.

## THE PARTIES

2. Plaintiff John H. Stevens is and was at all times relevant a citizen of Charles County, Maryland.

3. Defendant Charles County, Maryland is a political sub-division established under the laws of the State of Maryland.

4. Defendant Mark Belton is a citizen of Anne Arundel County, Maryland. Defendant Mark Belton is the current County Administrator for Charles County, Maryland.

## JURISDICTION & VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, § 1332, § 1343(a)(4), and/or § 1367 and 42 U.S.C. § 2000e-5.

6. The Title VII causes of action stated herein is authorized by 42 U.S.C. § 2000e. Section 1981a(c) authorizes a jury trial for the Plaintiff's Title VII claims.

7. The 42 U.S.C. § 1981 causes of action stated herein is authorized by that statute. The Plaintiff is entitled to a jury trial on his § 1981 claims.

8. Venue is proper in this District under 28 U.S.C. § 1391, where a substantial part of the events giving rise to Plaintiff's claims occurred.

9. On or about September 8, 2020, the Plaintiff timely filed a charge with the EEOC (Charge No. 531-2020-02618) alleging race discrimination against Charles County, Maryland. The EEOC issued a "right to sue" letter to the Plaintiff relating to this claim on September 9, 2020. On or about November 6, 2020, the Plaintiff timely filed another charge with the EEOC (Charge No. 531-2021-00395) alleging race discrimination, racially hostile work environment and

retaliation. The EEOC issued a "right to sue" letter to the Plaintiff relating to this claim on November 13, 2020,

10. Plaintiff has complied with all conditions precedent, administrative requirements, and/or legal preconditions otherwise to properly file and pursue his civil action. This civil action is lawfully filed in this Court. All conditions precedent have occurred or been performed.

## FACTS COMMON TO ALL COUNTS

11. The Plaintiff began his employment for Defendant Charles County, Maryland on April 6, 2006 as a Program Manager. The Plaintiff has held the position of Chief of Capital Services for Defendant Charles County, Maryland since 2008. For the past several years, Capital Services has been part of the Department of Public Works.

12. In 2019, the Plaintiff was selected to act as interim County Administrator after the resignation of Michael D. Mallinoff and prior to Defendant Mark Belton assuming the position of County Administrator in February 2019. Defendant Mark Belton previously served as County Administrator from 2012 through December 2014.

13. During his employment with Defendant Charles County, Maryland, the Plaintiff always performed his job duties in a competent manner and met Defendant Charles County, Maryland's reasonable expectations.

14. During his employment, the Plaintiff has been discriminated against due to his race (African American), including being subjected to a racially hostile work environment, and otherwise been harassed from February 2019 through the present by his two immediate supervisors, Defendant Mark Belton, the County Administrator, and William Shreve, the Director of Public Works. For example, Defendant Mark Belton would complain when the Plaintiff attended meetings or interacted with Charles County residents at the behest of African-American

members of the Board of County Commissioners, which is the governing body of Charles County and which hired Defendant Mark Belton as the County Administrator and appointed the Plaintiff as the interim County Administrator in 2019.  Defendant Mark Belton would also interact with the Plaintiff in a degrading manner, frequently referring to statements to the Plaintiff as "directives" and requiring the Plaintiff to adjust his schedule and attend meeting with Defendant Mark Belton on unreasonably short notice.

15. In addition, a proposal was suggested where five (5) Capital Services employees would be transferred from the Plaintiff's supervision to the Department of Public Works Utilities. These transfers were reversed by the Plaintiff when he became the interim County Administrator. When Mark Belton became the County Administrator, he initially agreed with the Plaintiff and continued to allow those five employees to remain under the Plaintiff's supervision at Capital Services.  However, on February 5, 2020, Mark Belton permanently removed those employees from the Plaintiff's supervision as the Chief of the Capital Services.  The transfer of these employees was tantamount to a *de facto* demotion of the Plaintiff by Mark Belton and was done for discriminatory reasons and caused the Plaintiff to be stripped of some of his existing supervisory responsibilities.

16. The Plaintiff was to receive a performance evaluation for the period ending April 2018.  However, that performance evaluation was not done until over a year later in June 2019. While the evaluation was signed by William A. Shreve, the Director of the Department of Public Works Utilities, the false allegations contained in the performance evaluation occurred under the instruction of Defendant Mark Belton.

17. The Plaintiff's annual performance review for 2018-2019 was due on April 3, 2019. However, the review was not performed by the Plaintiff's direct supervisor, Mr. Shreve, but

instead was conducted by County Administrator Mark Belton and was not completed until February 18, 2020. This review contained false allegations of poor performance as part of Defendant Belton's discrimination against the Plaintiff.

18. Although the reviews contained false allegations of poor performance, Plaintiff's evaluation scores were purposely made high enough, so that under the existing policies and procedures of Defendant Charles County, Maryland, Plaintiff could not avail himself of the grievance process to challenge the false allegations.

19. The Plaintiff was repeatedly threatened by Defendant Mark Belton with disciplinary action based on false allegations. For example, during the Plaintiff's performance review in February 2020, Defendant Belton stated that some form of "memorandum" would be issued against the Plaintiff for "inappropriate" statements that the Plaintiff had made to County employees over the last ten (10) years. As a result of these threats, the Plaintiff filed an internal complaint and grievance with Defendant Charles County, Maryland on February 26, 2020, indicating, among other things, that he was currently being discriminated against due to his race by Mark Belton and was previously discriminated against by William Shreve. The Plaintiff requested that an investigation of his internal complaints be undertaken.

20. Following the Plaintiff's complaints of discrimination, on August 3, 2020, Mark Belton retaliated against the Plaintiff for engaging in protected activity by issuing an Interoffice Memorandum titled "Performance Appraisal Follow Up." The Interoffice Memorandum contained false allegations against the Plaintiff, including allegations that the Plaintiff made inappropriate comments toward female co-workers during his tenure as the acting County Administrator. No other details were provided regarding these allegations, although the "Performance Appraisal Follow Up" stated that the "employee handled the matter herself." These false allegations of

sexual harassment would impair the Plaintiff from being able to seek further advancement in the Charles County system, such as becoming a director of a department or becoming the County Administrator or the Assistant County Administrator. The August 3, 2020 "Performance Appraisal Follow Up" was done in retaliation for the Plaintiff having engaged in protected activity on February 26, 2020 in complaining about the racial discrimination against the Plaintiff.

21. On August 5, 2020 and on September 8, 2020, the Plaintiff submitted grievances challenging the August 3, 2020 "Performance Appraisal Follow Up."

22. On September 8, 2020, the Plaintiff submitted his first charge of discrimination with the EEOC.

23. The Plaintiff attached a rebuttal and record of protest along with his grievances. On September 23, 2020, the Plaintiff was informed by Alexis Blackwell (Director of HR) acting under the direction of Mark Belton that his grievances (and attachments) were being rejected because they were not filed "timely." The action in denying the Plaintiff's grievances and written rebuttal of the August 3, 2020 "Performance Appraisal Follow Up" was done in retaliation for the Plaintiff engaging in protected activity on February 26, 2020 when the Plaintiff complained about the racial discrimination directed toward him.

24. On September 23, 2020, the Plaintiff received a summary of the results of his investigation from his February 26, 2020 grievance. All of the Plaintiff's grievances were rejected. The rejection of the Plaintiff's grievances was done in retaliation for engaging in protected activity on February 26, 2020 and in objecting to the August 3, 2020 "Performance Appraisal Follow Up."

25. On September 30, 2020, a meeting occurred between the Plaintiff and Defendant Belton, Ms. Blackwell, and County Attorney Wes Adams to discuss the investigation of the Plaintiff's February 26, 2020 grievances, the "Performance Appraisal Follow Up" and the

Plaintiff's subsequent grievances. Charles Williams of the NAACP also attended this meeting. In a November 24, 2020 Interoffice Memorandum, Defendant Charles County rejected all of the Plaintiff's claims and requests.

26. On November 6, 2020, the Plaintiff filed his second charge of discrimination with the EEOC, alleging racially motivated hostile work environment and retaliation.

27. Despite being aware of the constant discrimination, harassment and/or hostile work environment, Defendant Charles County failed to take any action to stop the discrimination, harassment and/or hostile work environment.

28. The Plaintiff has been subjected to a continuous hostile work environment and/or unlawfully discriminated against due to his race (African American) in violation of Title VII of the Civil Rights Act of 1964, as amended.

29. The Plaintiff has been subjected to continuing retaliation since February 26, 2020 for lodging a complaint of racial discrimination against his direct supervisors.

## COUNT I
### (Violation of Title VII – Racial Discrimination)
### (Against Defendant Charles County, Maryland)

30. The Plaintiff incorporates the preceding allegations as if set forth fully herein.

31. At all relevant times, Plaintiff was an "employee" of the Defendant under 42 U.S.C. § 2000e(f).

32. At all relevant times, Defendant Charles County, Maryland was an "employer" of the Plaintiff under 42 U.S.C. § 2000e(b).

33. Under 2000e-2(a),"[i]t shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

7

employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

34. Plaintiff suffered intentional discrimination because of his race in violation of 42 U.S.C. § 2000e-2(a)(1) and (2).

35. The Plaintiff suffered adverse employment actions because of his race, including having false allegations of sexual harassment placed in his employment record, which would impair the Plaintiff's opportunities for advancement/promotion in the Charles County government.

36. Because of the Plaintiff's position and history in the Charles County government, no other persons are similarly situated as the Plaintiff; however, the circumstances surrounding the actions of Defendant Charles County, Maryland, acting through Defendant Mark Belton and Mr. Shreve, establish inferences of discriminatory intent toward the Plaintiff. Alternatively, the Plaintiff, who is African-American, was treated differently than Mr. Shreve, who is the Caucasian Director of the Public Works, and runs a department which maintains and operates buildings and roads and performs functions similar to those performed by the Plaintiff as the Chief of Capital Services.

37. Plaintiff was discriminated against with respect to the terms and conditions of his employment with the Defendant Charles County, Maryland as a direct result of his race.

38. But for the Plaintiff's race, African-American, the Plaintiff would not have been discriminated against and would not have suffered adverse employment actions.

39. As a direct and proximate result of Defendant Charles County, Maryland's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

### COUNT II
### (Violation of Title VII – Hostile Work Environment)
### (Against Defendant Charles County, Maryland)

40. The Plaintiff incorporates the preceding allegations as if set forth fully herein.

41. Under 2000e-2(a), "[i]t shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

42. The Plaintiff was subject to a hostile work environment as he experienced unwelcome and offensive conduct based on his race that was sufficiently severe and pervasive as to alter the conditions of his employment and create an abusive work atmosphere. This harassment was performed directly by Defendant Mark Belton or by others acting under his direction, and includes, but is not limited to, Defendant Mark Belton demanding that the Plaintiff drop what he was doing, "clear his schedule," meet with Defendant Mark Belton within a few hours, as well as verbally disciplining/humiliating the Plaintiff for attending meetings at the request of the County Commissioners.

43. But for the Plaintiff's race, African-American, the Plaintiff would not have suffered a race-based hostile work environment.

44. As a direct and proximate result of Defendant Charles County, Maryland's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

## COUNT III
### (Violation of Title VII - Retaliation)
### (Against Defendant Charles County, Maryland)

45. The Plaintiff incorporates the preceding allegations as if set forth fully herein.

46. Under 2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

47. Plaintiff suffered intentional retaliatory discrimination because of his race in violation of 42 U.S.C. § 2000e-3(a).

48. The retaliatory discrimination was performed directly by Defendant Mark Belton or by others acting under his direction.

49. But for the Plaintiff's race, African-American, the Plaintiff would not have suffered this retaliation, and would not have suffered adverse employment actions.

50. As a direct and proximate result of Defendant Charles County, Maryland's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

## COUNT IV
### (Violation of 24 U.S.C. § 1981 – Discrimination)
### (Against Defendant Mark Belton)

51. The Plaintiff incorporates the preceding allegations as if set forth fully herein.

52. Plaintiff suffered intentional discrimination by Defendant Mark Belton because of the Plaintiff's race.

53. The discriminatory acts by Defendant Mark Belton, and others acting under his direction, violate Section 1981.

54. But for the Plaintiff's race, African-American, the Plaintiff would not have been discriminated against by Defendant Mark Belton, and would not have suffered adverse employment actions.

55. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

## COUNT V
### (Violation of 24 U.S.C. § 1981 – Hostile Work Environment)
### (Against Defendant Mark Belton)

56. The Plaintiff incorporates the preceding allegations as if set forth fully herein.

57. The Plaintiff was subject to a hostile work environment as he experienced unwelcome and offensive conduct based on his race that was sufficiently severe and pervasive as to alter the conditions of his employment and create an abusive work atmosphere. This harassment was performed directly by Defendant Mark Belton or by others acting under his direction, and includes, but is not limited to, Defendant Mark Belton demanding that the Plaintiff drop what he was doing, "clear his schedule," meet with Defendant Mark Belton within a few hours, as well as verbally disciplining/humiliating the Plaintiff for attending meetings at the request of County Commissioners.

58. But for the Plaintiff's race, African-American, the Plaintiff would not have suffered a race-based hostile work environment.

59. As a direct and proximate result of Defendant Mark Belton's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

## COUNT VI
### (Violation of 24 U.S.C. § 1981 – Retaliation)
### (Against Defendant Mark Belton)

60. The Plaintiff incorporates the preceding allegations as if set forth fully herein.

61. Plaintiff suffered retaliation by Defendant Mark Belton because of his race because the Plaintiff opposed, made complaints about, and pursued remedies for racial discrimination, including submitting the grievance on February 26, 2020, and filing a charge of discrimination with the EEOC on September 8, 2020 and on November 6, 2020.

62. The discriminatory/retaliatory acts by Defendant Mark Belton, and others acting under his direction, violate Section 1981.

63. But for the Plaintiff's race, African-American, the Plaintiff would not have suffered this retaliation, and would not have suffered adverse employment actions.

64. As a direct and proximate result of Defendant Mark Belton's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

WHEREFORE, Plaintiff John H. Stevens hereby demands judgment against Defendants Charles County, Maryland and Mark Belton for compensatory (or actual) damages, including lost wages, salary, employment benefits, or other compensation denied or lost (or any actual monetary losses sustained by the employee as a direct result of the violation(s) complained of herein), as well as non-economic damages, in an amount to be proven and determined at trial; punitive (or exemplary) damages as allowed by law; reinstatement (and/or front pay in lieu of reinstatement in

an amount to be proven and determined at trial); interest as allowed by law; for such legal and/or equitable relief as may be appropriate, including back pay, full restoration of benefits, and/or promotion; an award of attorneys' fees, expert witness fees, other litigation expenses, and costs of the action; and such other and further relief as the nature of Plaintiff's cause requires.

    Respectfully Submitted,

**RAY LEGAL GROUP, LLC**

By:   /s/ James M. Ray
James M. Ray, II (#012773)
jim.ray@raylegalgroup.Com
8720 Georgia Avenue, Suite 803
Silver Spring, Maryland 20910
Phone: (301) 755-5656
Fax:    (301) 755-5627

*Attorneys For Plaintiff*

## DEMAND FOR JURY TRIAL

The Plaintiff requests a trial by jury on all issues raised herein.

    /s/ James M. Ray, II
James M. Ray, II (#012773)